PER CURIAM.
Phillip C. Jarrett, Jr. (“the Husband”), appeals the final judgment of dissolution entered below, which dissolved his marriage to Dawn M. Jarrett (“the Wife”), and an order finding him to be in contempt for failing to meet obligations imposed under a temporary order. We reverse in part the final judgment of dissolution and the contempt order and remand for further proceedings.
The parties were married on June 7, 1986. The Husband filed a petition for dissolution on January 6, 1998. At the time of trial, the Husband was 36 years old and the Wife was 33 years old. The parties had two minor children from the marriage. The Husband was employed as a general manager in the United States for a Japanese company. The Wife was employed throughout the marriage in various low-income positions. She had been attending college on a part-time basis and, at the time of trial, anticipated graduating in less than a year with a four-year degree in education. She testified that she intended to seek a position as a teacher in thp public school system.
With regard to the Husband’s income, the trial judge found that he had an uncon-troverted annual income of $64,400, comprised of $56,000 annual salary, together with $1,200 annual clothing allowance and $7,200 annual car expenses provided by his employer. The trial judge noted that the Husband’s income in previous years had been as high as $96,500, with commissions from his employer making up a substantial portion of the income. The Husband testified that his base salary had been reduced effective January 1998 to $56,000 and that he had received no commissions to date, nor was he aware of any entitlements to same that had not yet been paid. He testified that his salary had been reduced because his sales territory and responsibilities had been reduced. The trial judge, however, found the Husband’s position as to his income questionable and stated that she would retain jurisdiction over this mat *587 ter. The trial judge also noted that the Wife testified that the Husband had earned approximately $40,000 over the pri- or two years doing work outside of his employment, but did not make any specific findings with regard to this testimony.
The trial judge found that the Wife would remain fully dependent upon the Husband for approximately 11 months, beginning in January 1999 when she was scheduled to begin her full time internship. The trial judge stated that all present indications were that after that time period, the Husband’s income would remain in excess of twice that of the Wife’s income and that both the needs of the Wife and the parties’ incomes supported both rehabilitative and permanent alimony on behalf of the Wife. He was ordered to pay $500 per month for rehabilitative alimony for nine months commencing on February 15, 1999. He was also ordered to pay, as rehabilitative alimony, one half of all the monthly mortgage, taxes and insurance payments associated with the marital residence in the approximate amount of $826 per month. The Husband was ordered to pay permanent alimony in the amount of $1,800 per month. Finally, he was ordered to pay $5,000 towards the Wife’s attorney’s fees.
The trial judge awarded the Wife primary residential responsibility of the children. The trial judge found that the Husband was more likely to foster continuing contact with the non-residential parent and more willing to encourage the relationship between the children and the other parent, and also had the greater financial capacity to provide the children with the necessities of life. The trial judge also found, however, that the Wife had been the primary care taker of the children during their fives and that her contemplated future employment as a teacher would allow her to continue to be home with the children after school and in the evenings while the Husband’s work requires travel on his part. The Husband was ordered to pay $1,251 per month for child support. He was also ordered to pay one-half of all non-covered medical expenses incurred for the children, to pay his pro rata share of any day care expenses necessary for the Wife’s employment, and to maintain life insurance in the amount of $200,000.
In addition to the above obligations, the trial judge entered an order on Wife’s motion for contempt on the same day as entry of the final judgment of dissolution. The Husband had been ordered in a temporary order dated February 9, 1998, to pay directly to the Wife the amount of $600 per month and to be responsible for all of the monthly marital expenses. The trial judge found that the Husband failed to pay all of the monthly marital expenses and payments to the Wife required by the temporary order. The trial judge noted that copies of the Husband’s American Express bills subsequent to the parties’ separation reflected an average monthly payment by the Husband in excess of $800 since February of 1998 for such things as jewelry, gifts, trips and other merchandise. The trial judge therefore found that the Husband had the ability to pay for the expenses claimed by the Wife and willfully failed to do so. The Husband was deemed to be in willful contempt of the temporary order for failure to make payments to and on behalf of the Wife in the total amount of $2,606.22. He was ordered to remit that amount directly to the Wife at the rate of $500 per month until paid in full.
The Husband appeals the final judgment of dissolution, raising several arguments. The Husband argues the trial judge abused her discretion in awarding primary residential responsibility of the children to the Wife. The Husband argues that the trial judge erred in awarding permanent periodic alimony in this case because the marriage was of relatively short duration, the Wife was only 33 years of age, the Wife was soon to receive her bachelor’s degree, and the wife had admitted to committing adultery. The Husband also argues that the trial judge improperly imputed income to him for car expenses and *588 clothing allowance provided by his employer. With regard to the total obligations imposed, the Husband argues the trial judge ordered him to pay more than his monthly net income. Finally, he argued the trial judge erred in the award of fees to the Wife in that there was no basis for the finding by the trial judge that he had an ability to pay.
We reject the Husband’s argument regarding custody of the children. It does not appear the trial judge abused her discretion in determining it was in the children’s best interests for the Wife to retain primary residential care.
With regard to the award of permanent alimony, section 61.08 directs the trial court to “include findings of fact relative to the factors enumerated in subsection (2) supporting an award or denial of alimony.” The only findings that support the trial court’s award of permanent alimony were that the Husband’s income would remain in excess of twice that of the Wife’s income and that the needs of the Wife and the parties’ incomes supported permanent alimony. The trial judge did not make findings regarding the adultery of either spouse, the standard of living established during the marriage, the duration of the marriage, and the age and physical and emotional condition of each party. In the absence of sufficient factual findings concerning the statutory factors, it is impossible to assess the reasonableness of the permanent alimony award.
It is also not clear from the final judgment of dissolution the amount attributed to the Husband as annual income by the trial judge. If the trial judge determined the Husband’s income was $64,400, the Husband was ordered to pay approximately 80% of his gross monthly income in support and alimony obligations, before taking into consideration the amounts imposed for the Wife’s attorney’s fees and the monthly obligations imposed in the contempt order. Such an award would be a clear abuse of discretion. In the absence of explicit factual findings concerning the actual incomes attributable to the Husband and the Wife, however, it is not possible to ascertain whether an abuse of discretion occurred.
We reject the Husband’s argument that the trial judge erred in considering the clothing allowance and car expenses provided by the Husband’s employer in determining his income. § 61.30(2), Fla. Stat. (1997). With regard to car expenses, there was testimony that the Husband’s employer provided him a leased vehicle for his use and paid expenses associated with the vehicle. The Wife testified that the Husband had informed her the value of the vehicle was $600 per month and the Husband presented no contrary evidence.
We reverse the award of permanent alimony to the Wife and remand to the trial court with instructions to make sufficient findings of fact to enable this court to determine the appropriateness of the award. We also reverse the child support award. On remand, the trial judge shall reconsider the various obligations imposed, make specific findings as to the amount of the parties’ actual income and calculation of the various obligations. We also reverse the award of attorney’s fees and remand for reconsideration in light of any changes following the trial judge’s ultimate ruling.
The Husband also appeals the contempt order and argues that the trial judge erred in failing to reduce the temporary support, in entering a contempt order and final judgment four months after the last hearing, in failing to find any present ability to pay, and requiring payment in excess of his ability. We determine, however, that the record supports the trial judge’s findings that the Husband did not make all payments required by the temporary order. In the absence of clear findings in the final judgment of dissolution regarding the Husband’s income and in light of the remand for reconsideration of the other obligations imposed, however, it is appropriate to remand for reconsideration of the *589 obligations imposed in the contempt order in conjunction with other obligations imposed on remand.
Based upon the foregoing, we reverse in part the final judgment of dissolution, reverse in part the order on Wife’s motion for contempt, and remand to the trial judge for further proceedings consistent with this opinion.
BARFIELD, C.J., and ERVIN, J., CONCUR. WOLF, J., CONCURS IN PART AND DISSENTS IN PART.